EARL DUKE v. THE STATE.

No. 12878. Delivered October 23, 1929.

Reported in 21 S. W. (2d) 668.

The opinion states the case.

*L. Brann* of Hamilton and *Marshall & Stewart* of Lubbock, for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

CHRISTIAN, JUDGE.—The offense is possession of intoxicating liquor for the purpose of sale; the punishment confinement in the penitentiary for one year.

Appellant's automobile broke down near a culvert. Two of the state's witnesses approached appellant and asked him if he wanted to sell his car. While examining the car they noticed some jars on the floor board of the car in front. These jars were covered with a white sack. One of the witnesses testified that he saw "only the two fruit jars there next to me." He said the sack was raised a little and that the containers looked like square jars. The other witness testified that he could not tell how many jars were in the car. He said the jars were covered with a light colored sack. Leaving appellant, these witnesses went to town where one of them reported the matter to an officer. In the meantime appellant had gone to town for the purpose of getting someone to repair his car. The officer went to appellant's car and searched it. He found nothing except some clothing. After a search of five or ten minutes he found eight one-half gallon jars of whiskey in the culvert, his statement being that the whiskey was found about ten feet from the car. He testified: "Yes, I could see some tracks leaving directly from the car. They were almost an inch deep in the mud. It was still soft. Yes there were some tracks leading back from the culvert to the car.

Yes, sir, going and coming." He described the tracks, but it does not appear that any effort was made to determine whether or not the tracks had been made by appellant. The whiskey found in the culvert was covered with a white sack. The whiskey and sack found by the officer were introduced in evidence. On cross-examination, one of the state's witnesses testified that the liquid he saw in appellant's car didn't look like the whiskey the state introduced in evidence. The whiskey introduced in evidence was reddish, and according to the witness referred to, the liquid that he saw in appellant's car was clear and more like water. Another state's witness testified that the jars he saw in the car were of lighter color than those introduced in evidence. He said that the sack introduced in evidence looked something like the sack he saw in the car. One of these witnesses said that he had examined the whiskey introduced in evidence in the sunlight and had discovered that the sunlight made it appear lighter. He said, however, that he did not recall whether the jars he saw in appellant's automobile were in the sunlight. Appellant came to his car shortly after the officer had found the whiskey. Upon being questioned by the officer, he denied that the whiskey belonged to him and said that he did not know anything about it. He reiterated this upon his trial.

The court submitted a charge covering the law of circumstantial evidence. We are unable to agree with appellant's contention that the evidence is insufficient.

Bill of exception No. 1 complains of the action of the court in permitting the introduction in evidence of a sack. In his qualification to the bill, the court states that appellant did not except to the ruling of the court. It is further stated in the qualification that the sack and jars of whiskey were not introduced in evidence at the time this bill of exception was attempted to be taken, but that they were later introduced after they had been positively identified by a witness for the state. As qualified, the bill fails to manifest error.

Bill of exception No. 2, as qualified by the court, shows that a witness for the state was permitted to testify in substance that the color of whiskey appeared lighter in the sunlight. Appellant objected on the ground that the witness was not shown to be qualified to express an opinion as to the effect of sunlight on the color of whiskey. The statement of facts discloses that the same witness testified, without objection on the part of appellant, that he examined the whiskey in the sunlight and found that the color appeared lighter. If the matter complained of in the bill was error—and this

is not conceded—the testimony last mentioned renders such error harmless.

The court refused to approve. bill of exception No. 3. Hence the bill has no proper place in the record.

The judgment and sentence recite that appellant is adjudged to be guilty of unlawfully possessing intoxicating liquor. They are reformed in order that it may be shown that appellant is adjudged to be guilty of possessing intoxicating liquor for the purpose of sale.

As reformed, the judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.